IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| AMY SWAN, | 6:15-cv-02430-BR |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| NANCY A. BERRYHILL,[1]<br>Acting Commissioner, Social<br>Security Administration, | |
| Defendant. | |

MERRILL SCHNEIDER
Schneider Kerr & Robichaux
P.O. Box 14490
Portland, OR 97293
(503) 255-9092

       Attorneys for Plaintiff

**BILLY J. WILLIAMS**
United States Attorney
**JANICE E. HEBERT**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

---

[1] On January 23, 2017, Nancy A. Berryhill was appointed the Acting Commissioner of the Social Security Administration and pursuant to Federal Rule of Civil Procedure 25(d) is substituted as the Plaintiff in this action.

1 - OPINION AND ORDER

DAVID MORADO
Regional Chief Counsel
**LEISA A. WOLF**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-3621

       Attorneys for Defendant

**BROWN, Judge.**

Plaintiff Amy Swan seeks judicial review of the final decision of the Commissioner of the Social Security Administration (SSA) in which she denied Plaintiff's application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act. This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

For the reasons that follow, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

## ADMINISTRATIVE HISTORY

Plaintiff protectively filed her application for SSI benefits on May 22, 2012. Tr. 19.[2] Plaintiff alleged a disability onset date of August 1, 2005. Tr. 19. Plaintiff's application was denied initially and on reconsideration. An Administrative Law Judge (ALJ) held a hearing on May 19, 2014.

---

[2] Citations to the official transcript of record filed by the Commissioner on June 3, 2016, are referred to as "Tr."

2 - OPINION AND ORDER

Tr. 34-61. Plaintiff and a vocational expert (VE) testified. Plaintiff was represented by an attorney at the hearing.

On June 24, 2014, the ALJ issued an opinion in which she found Plaintiff is not disabled and, therefore, is not entitled to benefits. Tr. 19-29. On August 1, 2014, Plaintiff requested review by the Appeals Council. Tr. 14. On October 29, 2015, the Appeals Council denied Plaintiff's request to review the ALJ's decision, and the ALJ's decision became the final decision of the Commissioner. Tr. 1-3. See Sims v. Apfel, 530 U.S. 103, 106-07 (2000).

On December 30, 2015, Plaintiff filed a Complaint in this Court seeking review of the Commissioner's decision.

## BACKGROUND

Plaintiff was born on May 10, 1966. Tr. 27. Plaintiff was 48 years old at the time of the hearing. Plaintiff dropped out of high school after the 11th grade and has not completed her GED. Tr. 28. The ALJ found Plaintiff does not have any past relevant work experience. Tr. 27.

Plaintiff alleges disability due to back injury, post-traumatic stress disorder (PTSD), rapid depression, panic attacks, and obsessive-compulsive disorder (OCD). Tr. 64-65.

Except as noted, Plaintiff does not challenge the ALJ's summary of the medical evidence. After carefully reviewing the

3 - OPINION AND ORDER

medical records, this Court adopts the ALJ's summary of the medical evidence. *See* Tr. 21-23.

## STANDARDS

The initial burden of proof rests on the claimant to establish disability. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). To meet this burden, a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690

(9th Cir. 2009)). It is more than a mere scintilla [of evidence] but less than a preponderance. *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for evaluating a claimant's testimony, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I. The Regulatory Sequential Evaluation

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity (SGA). 20 C.F.R. § 416.920(a)(4)(I). *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner

determines the claimant does not have any medically severe impairment or combination of impairments. 20 C.F.R. § 416.920(a)(4)(ii). *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii). *See also Keyser*, 648 F.3d at 724. The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite her limitations. 20 C.F.R. § 416.920(e). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the

Commissioner determines the claimant retains the RFC to perform work she has done in the past. 20 C.F.R. § 416.920(a)(4)(iv). *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy. 20 C.F.R. § 416.920(a)(4)(v). *See also Keyser*, 648 F.3d at 724-25. Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2. If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. § 416.920(g)(1).

## ALJ'S FINDINGS

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since May 22, 2012, Plaintiff's application date. Tr. 21.

At Step Two the ALJ found Plaintiff has the severe impairments of cervicalgia, general anxiety disorder, and adjustment disorder with depressed mood. Tr. 21.

At Step Three the ALJ concluded Plaintiff's medically

7 - OPINION AND ORDER

determinable impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1. Tr. 22. The ALJ found Plaintiff has the RFC to perform less than light work; can occasionally climb ladders, ropes, or scaffolds; can occasionally crawl; and can understand and carry out simple instructions. Tr. 24.

At Step Four the ALJ concluded Plaintiff does not have any past relevant work. Tr. 27.

At Step Five the ALJ found Plaintiff could perform other jobs that exist in the national economy. Tr. 28-29. Accordingly, the ALJ found Plaintiff is not disabled.

## DISCUSSION

Plaintiff contends the ALJ erred when she "assign[ed] anything less than great weight" to the opinion of Pamela Roman, Ph.D., Plaintiff's examining psychologist, and gave greater weight to the opinion of the nonexamining physician without providing legally sufficient reasons for rejecting Dr. Roman's opinion.

I. **Standards**

An ALJ may reject an examining or treating physician's opinion when it is inconsistent with the opinions of other treating or examining physicians if the ALJ makes "findings setting forth specific, legitimate reasons for doing so that are

based on substantial evidence in the record." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002)(quoting *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)). When the medical opinion of an examining or treating physician is uncontroverted, however, the ALJ must give "clear and convincing reasons" for rejecting it. *Thomas*, 278 F.3d at 957. *See also Lester v. Chater*, 81 F.3d 821, 830-32 (9th Cir. 1996). The opinion of an examining physician is entitled to greater weight than the opinion of a nonexamining physician. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014).

A nonexamining physician is one who neither examines nor treats the claimant. *Lester*, 81 F.3d at 830. "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." *Id.* at 831. When a nonexamining physician's opinion contradicts an examining physician's opinion and the ALJ gives greater weight to the nonexamining physician's opinion, the ALJ must articulate his reasons for doing so. *See, e.g., Morgan v. Comm'r of Soc. Sec. Admin*, 169 F.3d 595, 600-01 (9th Cir. 1999).

## II. The ALJ properly considered the opinion of Dr. Roman.

On January 12, 2013, Dr. Roman performed a psycho-diagnostic examination of Plaintiff and diagnosed Plaintiff with generalized anxiety disorder; adjustment disorder with depressed mood; "rule

out personality disorder, NOS with some borderline and histrionic features"; and back and neck pain. Tr. 250. Dr. Roman reported Plaintiff was able to understand and to remember instructions during the interview, but noted "it is likely that she would have difficulty understanding and remembering more complicated instructions." Dr. Roman also indicated "it is likely [Plaintiff] would have a great deal of difficulty maintaining attention and concentration throughout a normal work week and work day." Tr. 251.

On January 16, 2013, William Habjan, D.O., a nonexamining physician, reviewed Plaintiff's medical records and issued a determination that Plaintiff is not disabled. Tr. 73-86. Dr. Habjan reviewed Plaintiff's medical record, which included Dr. Roman's report. Dr. Habjan stated Dr. Roman's opinion, which arose from a single examination of Plaintiff, "is an overestimate of the severity of [Plaintiff's] restrictions/limitations based only on a snapshot of the individual's functioning." Tr. 84.

After thoroughly reviewing Plaintiff's medical records, including Dr. Roman's opinion and Dr. Habjan's report, the ALJ noted:

> [The] [s]tate agency medical consultant [Dr. Habjan] gave Dr. Roman's assessment partial weight as it was a one-time evaluation, and Dr. Roman appears to have relied heavily on the [Plaintiff's] self-reports.

Tr. 27. The ALJ, however, also noted:

10 - OPINION AND ORDER

> [The] [s]tate agency medical consultant [Dr. Habjan] found that the [Plaintiff] could perform light residual functional capacity with additional postural and nonpostural limitations.

Tr. 27.

When an ALJ's findings are not identical to but are consistent with a physician's assessed limitations of the claimant, those findings do not constitute a rejection of the physician's opinion. *Turner v. Comm'r of Soc. Sec. Admin.*, 613 F.3d 1217, 1222-23 (9th Cir. 2010). *See also Thomas v. Colvin*, No. 3:14-cv-00667-CL, 2015 WL 4603376, at *5 (D. Or. July 29, 2015). Here after the ALJ thoroughly reviewed and summarized Plaintiff's medical records, including Dr. Roman's opinion, the ALJ concluded Plaintiff had the RFC to perform less than light work with the additional limitation of being able to follow only simple instructions. Tr. 27. Moreover, the ALJ incorporated the limitations set out in Dr. Roman's report in her evaluation of Plaintiff's RFC and supported her decision with a detailed and thorough summary of the facts and medical evidence. Thus, the ALJ did not "reject" Dr. Roman's opinion.

On this record the Court concludes the ALJ properly considered Dr. Roman's opinion, and the ALJ provided legally sufficient reasons for her decision supported by substantial evidence in the record.

## CONCLUSION

11 - OPINION AND ORDER

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 23rd day of February, 2017.

*Anna J. Brown*

ANNA J. BROWN
United States District Judge

12 - OPINION AND ORDER